See *The Head-money Cases, ante,* 135, and note, 142; *Memphis & L. R. R. Co.* v. *Nolan,* 14 FED. REP. 532, and note, 534.

---

## GOULD *v.* CHICAGO, M. & ST. P. R. Co.

*(Circuit Court, D. Minnesota.* June Term, 1883.)

EJECTION OF PASSENGER FROM TRAIN.

> A person on a train refusing to produce a ticket or pay his fare, subsequently changing his mind, and tendering full fare, would be entitled to continue his journey on the train. But if the refusal be accompanied by violent and abusive conduct, whereby the conductor is compelled to stop the train for the purpose of putting him off, he may forfeit such right to remain on the train, and the conductor, using proper discretion, may eject such person, notwithstanding tender of full fare is then made.

At Law.

The plaintiff, Gould, was ejected from the cars of defendant's railway at Union Park, a regular passenger station between Minneapolis and St. Paul. He claimed that he purchased a ticket and boarded the train at the passenger depot in Minneapolis, and, on request, surrendered his ticket to the conductor, who subsequently demanded his fare, and on refusal of payment put him off.

The testimony was contradictory upon all the material facts. The plaintiff testified that when the conductor stopped the train at Union Park station and commenced to put him off, he offered the price of a ticket. The evidence on the part of the defendant was to the effect that the plaintiff boarded the train after it left Minneapolis, and when requested by the conductor to give up his ticket, declared that he had already done so, and upon a denial thereof by the conductor, and a further request for his ticket or his fare, refused to deliver up either, became abusive and violent, and that thereupon the conductor put him off the train.

*C. K. Davis* and *J. N. Granger*, for plaintiff.

*Bigelow, Flandrau & Squires*, for defendant.

NELSON, J., after a statement of the matters at issue, and calling the attention of the jury to the law defining the rights of the public and the duties of railroad companies, *inter alia*, charged the jury that unless a person unlawfully on the train had, by his improper conduct, compelled the conductor to stop it for the purpose of putting him off, and persisted in his refusal to pay fare from the place where he boarded the train, and became violent and abusive, until the conductor had to resort to extreme measures,—as, for instance, by force pull him from his seat,—he might change his mind, and if full fare was tendered the conductor was bound to receive it; and if he put him off after such tender the railway company is liable.

The jury found a verdict for the defendant.

See *Hall* v. *Memphis & C. R. Co.* 15 FED. REP. 57, and note, 69.